IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAYNE THOMAS,<br>an individual,<br><br>        Plaintiff,<br>vs.<br><br>FORT BEND INDEPENDENT<br>SCHOOL DISTRICT,<br>a Political Subdivision of the State of Texas,<br><br>and<br><br>DR. CHARLES E. DUPRE,<br>in his official capacity as Superintendent of Schools,<br>Fort Bend Independent School District,<br><br>        Defendants. | CASE NO.: 4:18-cv-00626 |

## COMPLAINT

Plaintiff, WAYNE THOMAS ("Mr. Thomas" or "Plaintiff") through his undersigned counsel, hereby files this Complaint and sues the Fort Bend Independent School District (hereinafter "FBISD"), a Political Subdivision of the State of Texas and Dr. Charles E. Dupre, in his official capacity as Superintendent of Schools of the Fort Bend Independent School District (hereinafter "Dr. Dupre"), for injunctive relief, damages, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("Americans with Disabilities Act" or "ADA"), 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act"), and Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.*, and states as follows:

## JURISDICTION AND PARTIES

1

1. This is an action for damages, declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*., (*see also* 28 U.S.C. § 2201 and § 2202), for Plaintiff's claims arising from 29 U.S.C. §794 *et seq*. (Rehabilitation Act), and Tex. Hum. Res. Code Ann. § 121.001 *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, Mr. Thomas, is a resident of Harris County, Texas.

4. Mr. Thomas is a qualified individual with a disability under the ADA. Mr. Thomas is paralyzed from the waist down. Mr. Thomas is a paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities such as walking and standing and requires a wheelchair for mobility.

6. Defendant, Fort Bend Independent School District, is a Political Subdivision of the State of Texas (hereinafter "FBISD" or collectively as "Defendants"). Upon information and belief, FBISD owns and administers the services, programs and activities offered at Edward Mercer Stadium, generally located at 16403 Lexington Blvd, Sugar Land, TX 77479 ("the Property" or the "Stadium"). FBISD is responsible for complying with the obligations of the ADA and the Rehabilitation Act to ensure that the Stadium is accessible to persons with disabilities such as the Plaintiff.

7. Defendant, Dr. Charles E. Dupre, (hereinafter "Dr. Dupre" or collectively as "Defendants") is the Superintendent of Schools of the Fort Bend Independent School District and is obligated to carry out his official duties in a manner consistent with the ADA and the Rehabilitation Act.

8. All events giving rise to this lawsuit occurred in the Southern District of Texas in Fort Bend County.

## COUNT I – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

9. Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

10. FBISD is a public entity, subject to the ADA, which owns and administers the services, programs and activities at the Fort Bend Independent School District and more specifically, at Edward Mercer Stadium. The Stadium is home to the FBISD High School football team and is the venue where they play home games.

11. Mr. Thomas is a Bush Broncos fan and enjoys watching and attending Bush High School football games, where he has a family member that plays for the team. Mr. Thomas has attended several Bush Broncos games during the last two years.

12. Most recently, he attended a Broncos home game versus the Dulles Vikings on September 29, 2017. Mr. Thomas plans to return to the Stadium to watch the Broncos play again during the 2018 season, and plans to continue attending games there in the future.

13. During his most recent visit, Mr. Thomas experienced serious difficulty gaining full and equal access to the programs, services and activities therein due to the architectural barriers discussed in this Complaint. For instance, Mr. Thomas had difficulty in the parking lots, traversing the route to the Stadium entrance, using the restrooms, maneuvering throughout the Stadium and obtaining disabled seating.

14. Despite this, Mr. Thomas still desires to visit the Stadium to utilize the services, programs and activities there, i.e., to watch live Bush Broncos football games, but fears that he

will once again encounter discrimination and serious difficulty due to the barriers to access which still exist at the Property.

15. Mr. Thomas plans to and will visit the Stadium in the future both as a fan who enjoys attending live Bush Broncos football games and also to determine whether the barriers to access alleged herein have been modified for greater wheelchair access.

16. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

17. The Defendants have discriminated against Plaintiff, Mr. Thomas, by denying him full access to the services, programs, and/or activities by failing to make their Property, Edward Mercer Stadium, readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

18. The Defendants have discriminated, and continue to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the full and equal benefits of their services, programs, and/or activities by failing to, inter alia, have accessible facilities for live viewing of FBISD football games at the Stadium.  Plaintiff has personally encountered numerous barriers to access on the Property, as discussed herein.

19. Mr. Thomas has observed, encountered, and/or experienced numerous discriminatory barriers to access at Edward Mercer Stadium. These barriers include, but are not limited to, the following violations which Plaintiff personally encountered:

    A. Plaintiff encountered inaccessible parking throughout the property due to a lack of signs designating parking spaces for disabled use.

B. Plaintiff encountered inaccessible parking near the stadium entrances due to a lack of access aisles adjacent to most of the disabled use parking spaces.

C. Plaintiff had difficulty utilizing the routes between the parking lots and the Stadium entrance due to a lack of accessible curb ramps onto the sidewalk, forcing him to maneuver through traffic entering the stadium, which is not safe for wheelchair use. Additionally, the few curb ramps that are provided have excessive slopes.

D. Plaintiff was unable to utilize the restrooms due to a lack of wheelchair accessible stalls in the men's restroom.

E. Plaintiff had difficulty navigating throughout the Stadium due to several routes throughout the stadium containing excessively steep slopes.

F. Plaintiff was unable to obtain seating with unobstructed views of the game from the sidelines due to a lack of designated seating for disabled use. Plaintiff was forced to position his wheelchair along a walkway between two sections of the stadium and watch the game between the railings. Furthermore, Plaintiff was unable to lock his wheelchair into a safe position because he was blocking traffic along the walkway.

20. Defendants either knew or should have known of their lack of compliance with the ADA and Rehabilitation acts.

21. Furthermore, when viewed as a whole, the cumulative effect of the above referenced barriers renders the Defendants' program inaccessible to persons with mobility impairments such as the Plaintiff.

22. 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the

site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." Defendants have violated this provision by providing their services, programs, and/or activities at an inaccessible facility.

23. 28 C.F.R. § 35.150 (b)(1) and 28 C.F.R. § 35.15 (c) mandate that compliance with 28 C.F.R. Part 36 App. A or Uniform Federal Accessibility Standards (UFAS) shall be deemed to comply with Tile II of the ADA. Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) - sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

24. Defendants have discriminated against the Plaintiff by excluding him from participation in, and denying them the benefits of, the services, programs, and/or activities at their facility because of Plaintiff's disabilities, all in violation of 42 U.S.C. § 12132. Furthermore, Defendants continue to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals.

25. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and/or activities of Defendants' facility, and has otherwise been discriminated

against and damaged by Defendants because of their ADA violations, as set forth above. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Defendants' facility in order to catalogue and cure all the areas of non-compliance with the Americans with Disabilities Act.

26. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

27. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

28. Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter Edward Mercer Stadium to make those facilities, and/or programs, and/or activities, readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

29. Plaintiff adopts and re-alleges the allegations contained in the preceding Paragraphs as if fully stated herein.

30. Plaintiff brings this claim against Defendants based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

31. The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her

handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

32. As set forth herein, Defendants have violated the Rehabilitation Act by intentionally excluding the Plaintiff, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and has otherwise subjected them to discrimination under, Defendants' programs and activities.

33. A non-exclusive list of Defendants' violations of the Rehabilitation Act and discriminatory conduct against the Plaintiff is evidenced by:

    A. denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendants;

    B. by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendants' aids, benefits and services;

    C. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant;

    D. failing to administer services, programs and activities in the most

        integrated setting appropriate to the needs of Plaintiff;

E.    excluding Plaintiff from participation in, and the benefits of, Defendants' services programs and activities as a result of Defendants' facility being inaccessible to or unusable by Plaintiff; and

F.    failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

34.    Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at Edward Mercer Stadium which Plaintiff is more likely than not going to encounter during his future visits to the Property. Plaintiff brings this action:

A.    to redress injuries suffered as a result of Defendants' discriminatory actions and inactions set forth herein;

B.    to reasonably avoid further and future injury to Plaintiff as a result of Defendants' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

C.    to ensure Defendants' facility is accessible as required by the relevant applications of Titles II of the ADA.

D.    to be made whole and ensure future compliance; and

E.    to reasonably avoid future ADA and Rehabilitation Act litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

35.    Only through a complete inspection of the Stadium premises and related parking facilities, undertaken by Plaintiff and/or his representatives, can all said violations be identified

and cured so as to ensure access for the disabled, the primary purpose of this action.

36. Upon reasonable belief, Defendants are the recipient of Federal Funds. As the recipient of federal funds, Defendants are liable for damages to the Plaintiff as a result of their acts and omissions constituting intentional discrimination.

37. As set forth above, the Plaintiff has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by Defendant solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of Defendants' Rehabilitation Act violations set forth above.

38. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendants pursuant to 29 U.S.C. §794(b).

39. Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the Plaintiff compensatory damages for Defendant's discriminatory actions.

## COUNT III
## (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

40. Plaintiff realleges and incorporates into this cause of action each and every

allegation contained in the previous paragraphs of this Complaint.

41. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." Tex. Hum. Res. Code Ann. §121.001.

42. Chapter 121.003 (d)(1) prohibits any failure to comply with Article 9102 of the Texas Civil Statues, which is identical to the ADAAG.

43. Further, each violation of Chapter 121.004(b) provides for a conclusive presumption of damages of at least $100.00 to the person with a disability.

44. Defendant's barriers to access as discussed herein have denied and continue to deny, the Plaintiff the opportunity to equally participate in or benefit from the goods, services, and accommodations afforded to other individuals, thus violating Chapter 121.Tex. Hum. Res. Code Ann, § 121.001, and entitling Plaintiff to injunctive and statutory damages.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    i. That the Court declares that Defendants, as owners/operators of the Edward Mercer Stadium and its related parking facilities, are in violation of Title II of the ADA and the Rehabilitation Act;

    ii. That this Court issue a Declaratory Judgment that the Defendant has violated the Chapter 121 of the Texas Human Resources Code.

iii. That this Court enter an Order directing Defendants to alter and modify the Edward Mercer Stadium's premises, facilities, services, activities, programs, and accommodations as appropriate to comply with Title II of the ADA, the Rehabilitation Act, and to the extent required by the Chapter 121 of the Texas Human Resources Code;

iv. That this Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities so as to allow it to undertake and complete corrective procedures to make Edward Mercer Stadium services, programs and activities accessible to the disabled;

v. That this Court award Plaintiff an award of compensatory damages under Title II of the ADA and the Rehabilitation Act as well as such further relief that the Court deems to be just and proper;

vi. That this Court award Plaintiff Statutory damages from the Defendant pursuant to Chapter 121 of the Texas Human Resource Code.

vii. That this Court award Plaintiff his reasonable attorneys' fees, costs and litigation expenses incurred in prosecuting this action.

Dated: February ___, 2018

Respectfully submitted,

KU & MUSSMAN, P.A.

By:   */s/ Louis I. Mussman*
      Louis I. Mussman
      Attorney-in-charge
      Florida Bar No. 597155
      S.D. TX No. 2274288
      Ku & Mussman, P.A.
      18501 Pines Boulevard, Suite 209-A
      Pembroke Pines, FL 33029
      Tel: (305) 891-1322
      Fax: (305) 891-4512
      Louis@KuMussman.com

and

Seth P. Crosland
*Local Counsel*
Texas Bar No.: 24069551
S.D. TX No. 1504456
Crosland Law Firm
1848 Norwood Plaza, Suite 205B
Hurst, Texas 76054
Tel: (972) 591-6919
Fax: (972) 408-0713
seth@croslandlawfirm.com

*Attorneys for Plaintiff*